IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBRA J. JUELFS, | ) | |
| | ) | 8:06CV402 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Debra J. Juelfs' ("plaintiff") motion for attorney fees, Filing No. 24, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2007), and the Social Security Act, 42 U.S.C. § 406(b). Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge and finding the plaintiff eligible for disability benefits. Filing Nos. 19, 20. The court reversed and remanded this case to the Commissioner of the Social Security Administration ("defendant") for computation and determination of benefits. The Commissioner first concluded that $40,759.70 was due in past benefits. The parties agree that the plaintiff is entitled to fees under both the EAJA and 42 U.S.C. § 406(b).

In her motion for payment of fees, plaintiff requested $3,065.25 under the EAJA for work performed in connection with the federal court action from August 9, 2006, to the present time. Filing No. 24, Affidavit of Mary Clarkson. Plaintiff further argued that $14,543.92 had been withheld from the Title 16 benefits to pay the attorney fee and $4,767.25 had been withheld from the Title 2 benefits to pay the attorney fee. Filing No. 24. Attached to Filing No. 24 is counsel's affidavit with a copy of the attorney fee contingency agreement based on 25% of the past due benefits. Filing No. 24, Ex. A. The contingency fee, based on a withheld amount of 25% of total past due benefits paid to the plaintiff, offset by the EAJA fees, is authorized in this case. *See Gisbrecht v. Barnhart*, 535

U.S. 789, 793 (2002). Accordingly, plaintiff requested an EAJA fee in the amount of $3,065.25 in addition to $6,220.62 pursuant to the contingency fee agreement.

Defendant responded indicating he had no objection to the EAJA fees in the amount of $3,065.25. Filing No. 28. At that time, the defendant argued he could not determine the fees pursuant to 42 U.S.C. § 406(b) and asked for an additional thirty days to respond. *Id.* Defendant has now filed a status report, Filing No. 29, and states that upon further review, plaintiff should not have received the amount of benefits initially awarded. The defendant contends that there is now due and owing $2,640.75 to the plaintiff for attorney fees under 42 U.S.C. § 406(b). The defendant bases this amount on the disability payments received by the plaintiff, less overpayments received by the plaintiff. Defendant further states that plaintiff's counsel received an additional $1,253.70 in attorney fees on February 27, 2008. Plaintiff has not responded to this status report by the defendant. After carefully reviewing the record, the court finds the plaintiff is entitled to attorney fees. Because the plaintiff has not disputed the amount of the fee presented by the defendant in the status report, the court shall make that award as recommended by the defendant.

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees is granted. Filing No. 24. The defendant shall pay, if it has not already done so, $3,065.25 in EAJA fees to the plaintiff. In addition to the $1,253.70 already paid in accordance with 42 U.S.C. § 406(b), the defendant shall pay $2,640.75 to the plaintiff under 42 U.S.C. § 406(b).

DATED this 31st day of March, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge